**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

BILLY JOE HENSON                                                         PLAINTIFF
ADC #77911

V.                                     NO: 5:07CV00055 WRW/HDY

DAVID WHITE *et al.*                                                     DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge

William R. Wilson, Jr.  Any party may serve and file written objections to this recommendation.

Objections should be specific and should include the factual or legal basis for the objection.  If the

objection is to a factual finding, specifically identify that finding and the evidence that supports your

objection.  An original and one copy of your objections must be received in the office of the United

States District Court Clerk no later than eleven (11) days from the date of the findings and

recommendations.   The copy will be furnished to the opposing party.    Failure to file timely

objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or

additional evidence, and to have a hearing for this purpose before the District Judge, you must, at

the same time that you file your written objections, include the following:

1.   Why the record made before the Magistrate Judge is inadequate.
2.   Why the evidence proffered at the hearing before the District
     Judge (if such a  hearing is granted)  was not  offered at  the
     hearing before the Magistrate Judge.

1

3.     The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## DISPOSITION

Plaintiff, an inmate at the Arkansas Department of Correction ("ADC"), filed a *pro se* complaint (docket entry #2), pursuant to 42 U.S.C. § 1983, on March 15, 2007. Defendants are Warden David White, and Sgt. Millie L. Drayer, of the Tucker Maximum Security Unit; and ADC Disciplinary Hearing Officers Lorie Taylor and Keith Waddle. On September 10, 2008, Defendants filed a motion for summary judgment, a statement of facts, and a brief in support (docket entries #65-#67). Plaintiff filed responses, along with a brief in support (docket entries #70-#72). Defendants have filed a reply to the responses (docket entry #73).

### I.  Standard of review

Summary judgment is only appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The Court must

view the facts, and inferences to be drawn from those facts, in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). A moving party is entitled to summary judgment if the nonmoving party has failed to make a showing sufficient to establish the existence of an element essential to that party's case. *Celotex*, 477 U.S. at 322-23. The Eighth Circuit has held that "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Dulany v. Carnahan*, 132 F.3d 1234, 1237 (8th Cir. 1997) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

## II. Analysis

According to Plaintiff, Drayer brought three false disciplinary charges against him, in retaliation for his use of the prison grievance procedures.  Plaintiff was sentenced to punitive confinement, and lost good time and some privileges.  Plaintiff also asserts that he did not receive due process in his disciplinary hearings, and that the hearing officers were biased.

Defendants claim that they are entitled to summary judgment because no constitutional right is violated by the filing of a false disciplinary charge alone; that Plaintiff cannot identify any liberty interest in his housing assignment or classification, and therefore has no constitutionally protected interest to which due process applies; that Plaintiff has no retaliation claim when some evidence supports the charge; that Plaintiff failed to state a claim against White; that Defendants are entitled to qualified immunity; that Plaintiff has no physical injury and is therefore not entitled to the relief he seeks; and that his claims for expungement of his disciplinary convictions are *Heck*-barred.[1] Because some evidence supports Plaintiff's disciplinary convictions, Defendants' motion for summary judgment should be granted.

---

[1]*Heck v. Humphrey*, 512 U.S. 477 (1994).

3

On October 6, 2006, Plaintiff and another inmate were involved in a verbal confrontation. Drayer intervened, and ordered Plaintiff to be quiet.  Plaintiff refused, and was written a disciplinary charge which was delivered to him on that same day.  When the charge was delivered, Plaintiff initiated another verbal altercation with Drayer, and was ultimately charged with additional disciplinary violations.  The second charge was delivered to Plaintiff on October 9, 2006.  Plaintiff was given hearings, and ultimately given 21 days of privilege restriction for the first charge, and 30 days of punitive isolation for the second.  On November 11, 2006, Plaintiff returned from isolation. On November 13, 2006, Plaintiff was at afternoon yard call, when he exposed himself and urinated. Plaintiff was written another disciplinary charge for the exposure, and various other infractions. After a hearing on November 17, 2006, Plaintiff was sentenced to additional punitive isolation, a loss of class, and forfeiture of 86 days of good time.

Federal Courts do not sit in appellate review of a prison disciplinary court's findings, but only decide whether an inmate's due process rights were violated.  *Goff v. Dailey*, 991 F.2d 1437, 1440 n.5 (8th Cir. 1993).  The United States Supreme Court has held that in prison discipline cases, the requirements of due process are satisfied if "some evidence" supports the decision by the prison disciplinary board.  *Superintendent v. Hill*, 472 U.S. 445, 455 (1985).  In reaching that conclusion, the Court cited with approval the Eighth Circuit decision of *Willis v. Ciccone*, 506 F.2d 1011, 1018 (8th Cir. 1974), which held that "[t]he sole and only issue of constitutional substance is whether there exists any evidence at all, that is, whether there is any basis in fact to support the action taken by prison officials."  Accordingly, the only inquiry to be made by this Court is to determine whether some evidence supports the disciplinary officers' findings.

The hearing officers' written decisions in all three hearings are attached to Defendants' motion for summary judgment.  On October 9, 2006, Taylor found Plaintiff guilty of failing to obey

orders of staff, and creating unnecessary noise (docket entry #65, exhibit C).  According to the October 9, 2006, decision, Taylor accepted the staff report in making her determination.  On October 13, 2006, Taylor found Plaintiff guilty of failure to obey staff orders, creating unnecessary noise, insolence to a staff member, using abusive or obscene language to a staff member, and assault or threats to injure another person.  Plaintiff was found not guilty of making profane or obscene gestures to a staff member (docket entry #65, exhibit E).  Taylor relied on the staff report for her decision.  Finally, on November 17, 2006, Waddle found Plaintiff guilty, based on the staff report, and an incident report from Sgt. Wilson, of failure to obey staff orders, creating unnecessary noise, insolence to a staff member, using abusive or offensive language to a staff member, indecent exposure, and assault or attempt to injure another person (docket entry #65, exhibit G).  A staff report constitutes "some evidence."  *See Henderson v. Baird*, 29 F.3d 464, 469 (8th Cir.1994) (prison disciplinary committee's finding, based on corrections officer's description of events, that prisoner actually violated prison regulations essentially "checkmate[d]" prisoner's retaliation claim), cert. denied, 515 U.S. 1145 (1995).  Plaintiff had notice of the charges against him, and an opportunity to be heard at the hearing.  Statements were taken from witnesses identified on the disciplinary charges, even if those witnesses did not actually testify at Plaintiff's hearings (docket entry #65, exhibits B, D, & F).  Because "some evidence" supports all three disciplinary charges, there was no due process violation, despite Plaintiff's disagreement with the outcome.[2]

Plaintiff also asserts that the disciplinary charges were made by Drayer in retaliation for his use of the grievance process.  If true, such retaliation would be a constitutional violation.  *See Nei*

---

[2]Although Plaintiff contends that he was denied certain witnesses at his hearings, he does not dispute Defendants' factual assertions that Plaintiff engaged in a verbal confrontation with Drayer, and urinated while he was on "yard call," though he does dispute the charge that he exposed himself. *See* docket entry #66, items #6, #20, & #34; docket entry #70.

*v. Dooley*, 372 F.3d 1003, 1007 (8th Cir. 2004) (per curiam) (conduct that retaliates against exercise of constitutionally protected right is actionable); *Dixon v. Brown*, 38 F.3d 379 (8th Cir. 1994) (First Amendment right to petition for redress of grievances includes redress under established prison grievance procedures; disciplinary charge actionable if done in retaliation for filing grievance). However, as discussed above, Plaintiff received appropriate due process at his disciplinary hearings, and was convicted of disciplinary violations. Such convictions preclude his claims of retaliation. The Eighth Circuit has held that "no claim can be stated when the alleged retaliation arose from discipline imparted for acts that a prisoner was not entitled to perform." *Orebaugh v. Caspari*, 910 F.2d 526, 528 (8th Cir. 1990). More recently, the Court has reiterated that "if the discipline which the prisoner claims to have been retaliatory was in fact imposed for an actual violation of prisoner rules or regulations, then the prisoner's claim that the discipline was retaliatory in nature must fail." *Goff v. Burton*, 7 F.3d 734, 738 (8th Cir. 1993). Accordingly, Plaintiff has no claim for retaliation.

Finally, to the extent that Plaintiff asserts that Taylor and Waddle were biased, his claims should also be dismissed. There is no evidence that either Taylor or Waddle were involved in the underlying events at issue before them, and Plaintiff's claims are nothing more than conclusory allegations of bias. *See McMaster v. Pung*, 984 F.2d 948, 952 (8th Cir. 1993)(no factual basis for inmate's claim of bias; no hearing officer involved in underlying event).

In summary, Plaintiff was convicted of various rules infractions in three separate disciplinary hearings. Some evidence supports those convictions, and Plaintiff's due process rights were therefore not violated. Accordingly, Plaintiff cannot maintain a claim that any of the disciplinary charges were retaliatory. Finally, Plaintiff's conclusory assertions that the hearing officers were biased are insufficient to create a factual issue to submit to a jury.

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1.      Defendants' motion for summary judgment (docket entry #65), be GRANTED, and

Plaintiff's complaint be DISMISSED WITH PREJUDICE.

2.      The Court certify that an *in forma pauperis* appeal taken from the order and judgment

dismissing this action is considered frivolous and not in good faith.

DATED this   8   day of October, 2008.

_____
UNITED STATES MAGISTRATE JUDGE